IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

MARK A. COWART          §
                        §
        Plaintiff,      §
                        §
VS.                     §     NO. 3-10-CV-1800-G
                        §
DALLAS COUNTY JAIL,     §
ET AL.                  §
                        §
        Defendants.     §

## FINDINGS AND RECOMMENDATION OF THE
## UNITED STATES MAGISTRATE JUDGE

This case has been referred to the United States magistrate judge for pretrial management pursuant to 28 U.S.C. § 636(b) and a standing order of reference from the district court. The findings and recommendation of the magistrate judge are as follow:

I.

This is a *pro se* civil rights action brought by Mark A. Cowart, a Texas prisoner, against the Dallas County Jail and at least 10 detention officers. On September 10, 2010, plaintiff tendered a form civil rights complaint to the district clerk and later paid the $350.00 statutory filing fee. After screening plaintiff's complaint, the court determines that he should be allowed to prosecute his excessive force, assault and battery, and intentional infliction of emotional distress claims against Officer Erwin. His other claims should be summarily dismissed.

II.

On April 14, 2009, while incarcerated in the Dallas County Jail, plaintiff alleges that he and 12 other inmates were ordered by various detention officers, all of whom were either African-

American or Hispanic, to "get on their knees and to interlock their hands behind their backs." (*See* Plf. Compl. at 4, ¶ V). When plaintiff complained about remaining in that position for an extended period of time, an unnamed African-American detention officer told him, "Shut your white a** up white boy!" (*Id.*). Plaintiff responded by making an equally offensive, if not more offensive, remark to the officer. (*Id.*). The officer then grabbed plaintiff and placed him in a neck hold, while Officer Erwin struck plaintiff twice in the face with closed fists. (*Id.*). After the detention officers wrestled plaintiff to the ground, he was "'kicked' and 'stomped' so many times in his face and his body and sprayed with 'pepper spray gas' until he became 'unconscious.'" (*Id.* at 4(a), ¶ V). Plaintiff alleges that this beating continued even after he regained consciousness. (*Id.*). Despite pleading with the officers to stop, plaintiff states that he was hit, stomped, and kicked multiple times while being dragged out of his living quarters down the hallway to an elevator. (*Id.*). As a result of this beating, which plaintiff contends was racially motivated, plaintiff suffered a strained neck, a broken ear drum, and nerve damage.

A.

A district court is required to screen a civil action brought by a prisoner seeking relief from a governmental entity or employee. *See* 28 U.S.C. § 1915A(a). On initial screening, the court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, that:

> (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or
>
> (2i) seeks monetary relief from a defendant who is immune from such relief.

*Id.* § 1915A(b). To state a claim upon which relief may be granted, plaintiff must plead "enough facts to state a claim to relief that is plausible on its face," *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 1974, 167 L.Ed.2d 929 (2007), and must plead those facts with enough

specificity "to raise a right to relief above the speculative level." *Id.*, 127 S.Ct. at 1965. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, ___ U.S. ___, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009). While a complaint need not contain detailed factual allegations, the plaintiff must allege more than labels and conclusions. *Twombly*, 127 S.Ct. at 1964-65. The court must accept all well-pleaded facts as true and view the allegations in the light most favorable to the plaintiff. *See In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205-06 (5th Cir. 2007), *cert. denied sub nom.*, *Xavier Univ. of Louisiana v. Travelers Cas. Property Co. of America*, 128 S.Ct. 1230 (2008).

B.

The court initially observes that plaintiff has failed to state a claim against the Dallas County Jail. Federal courts in Texas have uniformly held that entities without a separate jural existence are not subject to suit. *See, e.g. Taylor v. Dallas County Jail*, No. 3-06-CV-0289-K, 2006 WL 1348755 at *2 (N.D. Tex. May 17, 2006) (citing cases). Plaintiff has the burden of showing that the Dallas County Jail has the capacity to be sued. *See id.*, 2006 WL 1348755 at *2. Having failed to do so, his claims against this defendant should be dismissed.

C.

Nor can plaintiff sue the "John Doe" defendants referenced in his complaint. "Neither the Federal Rules of Civil Procedure nor 42 U.S.C. § 1983 provides authority for joining fictitious defendants in this suit." *Vollmer v. Bowles*, No. 3-96-CV-0081-D, 1997 WL 102476 at *2 (N.D. Tex. Feb. 28, 1997), *citing Taylor v. Federal Home Loan Bank Bd.*, 661 F.Supp. 1341, 1350 (N.D. Tex. 1986). Although some courts have allowed the fictitious designation of defendants where their true identities can be learned only through discovery, *see Gallegos v. Slidell Police Dept.*, No. 07-

6636, 2008 WL 1794170 at *2 (E.D. La. Apr. 18, 2008) (citing cases), a plaintiff must identify potential defendants with enough specificity to enable the court to direct service of process. *See Staritz v. Valdez*, No. 3-06-CV-1926-D, 2007 WL 1498285 at *2 (N.D. Tex. May 21, 2007). Here, plaintiff was given an opportunity, through written interrogatories, to identify the "John Doe" defendants. (*See* Mag. J. Interrog. #6 & 7). However, plaintiff failed to answer the interrogatories.[1] Under these circumstances, dismissal is proper as to the "John Doe" defendants.

D.

That leaves plaintiff's excessive force, assault and battery, and intentional infliction of emotional distress claims against Officer Erwin. In his complaint, plaintiff alleges that Erwin repeatedly punched him in the face with closed fists while another officer had plaintiff in a neck hold. (*See* Plf. Compl. at 4, ¶ V). Erwin is also implicated in other aspects of the alleged beating. Without suggesting a view of whether dismissal may be proper in a different procedural context, plaintiff has alleged enough facts in his complaint to survive dismissal of his excessive force, assault and battery, and intentional infliction of emotional distress claims at this stage of the proceeding.

**RECOMMENDATION**

Plaintiff should be allowed to prosecute his excessive force, assault and battery, and intentional infliction of emotional distress claims against Officer Erwin. Because plaintiff has paid the statutory filing fee, he is responsible for serving Erwin with a summons and complaint in accordance with Rule 4 of the Federal Rules of Civil Procedure. *See* FED. R. CIV. P. 4(c). The clerk shall provide plaintiff with a blank summons form and two copies of his complaint. If proper service is not made within 120 days after the complaint was filed, the claim against Erwin will be subject to dismissal without prejudice. *See* FED. R. CIV. P. 4(m).

---

[1] The interrogatories were mailed to plaintiff on September 20, 2010. Answers were due 20 days thereafter, or by October 10, 2010. (*See* Doc. #4).

Plaintiff's claims against the Dallas County Jail should be summarily dismissed with prejudice. His claims against the "John Doe" defendants should be summarily dismissed without prejudice for failure to identify the defendants with enough specificity to enable service of process.

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: October 18, 2010.

JEFF KAPLAN
UNITED STATES MAGISTRATE JUDGE