UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED

NOV – 7 2014

CLERK, U.S. DISTRICT COURT
By _____
Deputy

| | | |
|---|---|---|
| MARK A. COWART, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | CIVIL ACTION NO. |
| VS. | ) | |
| | ) | 3:10-CV-1800-G |
| OFFICER ERWIN, ET AL., | ) | |
| | ) | |
| Defendants. | ) | |

## V E R D I C T

This verdict form contains a series of questions together with related instructions and definitions.

### Consider Damages Only If Necessary

If Cowart has proven either of his claims against the defendants by a preponderance of the evidence, you must determine the damages to which he is entitled. You should not interpret the fact that I am giving instructions about Cowart's damages as an indication in any way that I believe that he should, or should not, win this case. It is your task first to decide whether the defendants are

- 13 -

individually liable.  I am instructing you on damages only so that you will have guidance in the event you decide that one or more individual defendants are liable and that the plaintiff is entitled to recover money from those one or more defendants.

Eighth Amendment Violation

Cowart claims that the defendants violated his Eighth Amendment right to be protected from excessive and unnecessary force.

The Eighth Amendment to the Constitution of the United States protects inmates like Cowart from cruel and unusual punishment.

To recover damages for this alleged constitutional violation, Cowart must prove by a preponderance of the evidence that:

1. A defendant used excessive force against him; and

2. Cowart suffered some harm as a result of that specific defendant's use of force.

Cowart must prove both of these elements by a preponderance of the evidence. Furthermore, you must examine the elements as applied to each defendant individually, not collectively.

In regards to the first element, whether a use of force against a jail inmate is excessive depends on whether the force was applied in a good-faith effort to maintain or restore discipline, or whether it was done maliciously or sadistically to cause harm.

If the force was used maliciously or sadistically for the purpose of harming Cowart, then it was excessive.

To act "maliciously" means to intentionally do a wrongful act without just cause or excuse, with an intention to inflict injury, or under circumstances that show an evil intent. To act "sadistically" means to inflict pain on the person for one's own pleasure.

In deciding whether the force used was excessive, you must give jail officials wide-ranging deference in the adoption and execution of policies and practices that in their judgment are needed to preserve internal order and discipline and to maintain internal security in the jail. In making this determination, you may consider the following nonexclusive factors: (1) the extent of the injury suffered; (2) the need for the application of force; (3) the relationship between the need and the amount of force used; (4) the threat reasonably perceived by the responsible officials; and (5) any efforts made to temper the severity of a forceful response.

In considering the second element -- harm -- not every malevolent, harmful, or injurious touch by a jail guard gives rise to a claim under federal law. But an inmate like Cowart need not show significant injury to establish a constitutional violation. Even a slight use of force, under certain circumstances, may be so repugnant to the conscience of mankind as to give rise to a claim. The extent of the injury an inmate

suffers is one factor that may suggest whether the use of the force could reasonably have been thought necessary in the particular situation.

If Cowart has proved these elements by a preponderance of the evidence, with respect to an individual defendant, then you will have found that that individual defendant violated Cowart's Eighth Amendment right to be protected from cruel and unusual punishment and you must then determine an amount that is fair compensation for Cowart's damages. If Cowart failed to make this showing with respect to any individual defendant, then the force was not unconstitutional, and your verdict will be for that individual defendant on this claim.

A second way for an individual defendant to have violated Cowart's Eighth Amendment rights is through bystander liability. An officer found liable under a theory of bystander liability does not use force directly against the victim. Instead, bystander liability is established when an officer:

1. Knows that a fellow officer is violating an individual's constitutional rights;

2. Has a reasonable opportunity to prevent the harm; and

3. Chooses not to act.

Therefore, bystander liability can only apply against an individual defendant if at least one other defendant violated Cowart's Eighth Amendment rights through the use of physical force. If Cowart has proved by a preponderance of the evidence that

through bystander liability an individual defendant is responsible for violating

Cowart's Eighth Amendment right to be protected from cruel and unusual

punishment, then you must determine an amount that is fair compensation for

Cowart's damages.

QUESTION NO. 1:

Did Cowart establish by a preponderance of the evidence that any of the individual defendants used excessive force against him which resulted in injuries?

INSTRUCTION:  Answer "Yes" or "No" for each defendant listed below.

|  | YES | NO |
|---|---|---|
| Rosalind Erwin | ___X___ | _____ |
| David Garrett | _____ | ___X___ |
| Derrick Holt | _____ | ___X___ |
| Davis Weeks | _____ | ___X___ |

Proceed to Question No. 2.

- 18 -

QUESTION NO. 2:

Did Cowart establish by a preponderance of the evidence that any of the individual defendants violated his Eighth Amendment rights under a theory of bystander liability?

INSTRUCTION:  Answer "Yes" or "No" for each defendant listed below.

|  | YES | NO |
|---|---|---|
| Rosalind Erwin | ✓ | |
| David Garrett | | ✓ |
| Derrick Holt | | ✓ |
| Davis Weeks | | ✓ |

Proceed to the next page.

- 19 -

<u>Assault</u>

A person commits an assault if he (1) intentionally, knowingly, or recklessly causes bodily injury to another; or (2) intentionally or knowingly threatens another with imminent bodily injury; or (3) intentionally or knowingly causes physical contact with another when he knows or should reasonably believe that the other will regard the contact as offensive or provocative.

QUESTION NO. 3:

Did Cowart prove by a preponderance of the evidence that any of the individual defendants assaulted him?

INSTRUCTION:  Answer "Yes" or "No" for each defendant listed below.

|  | YES | NO |
| --- | --- | --- |
| Rosalind Erwin | _____ | _____ |
| David Garrett | _____ | _____ |
| Derrick Holt | _____ | _____ |
| Davis Weeks | _____ | _____ |

If you answered "Yes" as to any defendant in Question No. 3, continue to the next page and then answer Question No. 4 as to those respective defendants.  If you answered "No" as to all of the defendants, then proceed to Question No. 5.

Official Immunity

Oficial immunity, under certain circumstances, protects officers from state law claims.  Officers are entitled to official immunity from suits arising from the performance of (1) discretionary duties (2) carried out in good faith (3) while acting within the scope of their authority.

A discretionary duty involves personal deliberation, decision, and judgment. Discretionary duties are contrasted with ministerial duties.  As opposed to discretionary duties, ministerial duties are those for which the law prescribes and defines the duty to be performed with such precision and certainty as to leave nothing to the exercise of discretion or judgment.

An officer acts in good faith if a reasonably prudent officer, under the same or similar circumstances, could have believed the need to use force, and the degree of force used, was necessary.

Finally, officers act within the scope of their authority if they are discharging the duties generally assigned to them.

Official immunity is an affirmative defense.  This means an individual defendant must establish all elements of the defense by the preponderance of the evidence.

## QUESTION NO. 4:

Did the individual defendant prove by a preponderance of the evidence that official immunity protects him or her from liability?

> **INSTRUCTION:**  Answer "Yes" or "No" only for those defendants to which you answered Question No. 3 "Yes." Therefore, if you answered "No" to Question No. 3 as to an individual defendant, then you should not have an answer for that same defendant below.

|                  | YES      | NO       |
|------------------|----------|----------|
| Rosalind Erwin   | _____ | _____ |
| David Garrett    | _____ | _____ |
| Derrick Holt     | _____ | _____ |
| Davis Weeks      | _____ | _____ |

Continue to Question No. 5 on the next page.

- 23 -

**QUESTION NO. 5**:

**Do you need to consider damages for any defendants?**

> **INSTRUCTION**:  Refer back to Question No. 1, Question No. 2, and Question No. 4.
>
> As to each individual defendant, if you answered "Yes" to either Question No. 1 or Question No 2, <u>or</u> you answered "No" to Question No. 4, then answer "Yes" as to that same defendant below.
>
> As to each individual defendant, if you answered "No" to both Question No. 1 and Question No. 2, <u>and</u> either answered Question No. 4 "Yes" or failed to provide an answer, then answer "No" as to that same defendant below.
>
> You must have an answer for each individual defendant.

|  | YES | NO |
|---|---|---|
| Rosalind Erwin | _____ | _____ |
| David Garrett | _____ | _____ |
| Derrick Holt | _____ | _____ |
| Davis Weeks | _____ | _____ |

Continue to the next page.

- 24 -

If you answered "No" as to all defendants in Question No. 5, then you do not need to consider damages.  Proceed to page 33 (last page) and have the foreperson sign the bottom of the page.  After the foreperson signs, you have completed the verdict form and must not answer any additional questions.

If you answered "Yes" to Question No. 5 for one or more individual defendants, then you will have to consider damages against those individual defendants.  Continue to the next page.

## Compensatory Damages

If you find that any of the defendants are liable to Cowart, then you must determine an amount that is fair compensation for all of Cowart's damages. These damages are called compensatory damages. The purpose of compensatory damages is to make Cowart whole -- that is, to compensate Cowart for the damages that he has suffered. Compensatory damages are not limited to expenses that Cowart may have incurred because of his injury. If Cowart wins, he is entitled to compensatory damages for the physical injury, pain and suffering, and mental anguish that he has suffered because of the wrongful conduct.

You may award compensatory damages only for injuries that Cowart proves were proximately caused by the defendants' allegedly wrongful conduct. The damages that you award must be fair compensation for all of Cowart's damages, no more and no less. You should not award compensatory damages for speculative injuries, but only for those injuries that Cowart has actually suffered or that Cowart is reasonably likely to suffer in the future.

If you decide to award compensatory damages, you should be guided by dispassionate common sense. Computing damages may be difficult, but you must not let that difficulty lead you to engage in arbitrary guesswork. On the other hand, the law does not require that Cowart prove the amount of his losses with mathematical

precision, but only with as much definiteness and accuracy as the circumstances permit.

You must use sound discretion in fixing an award of damages, drawing reasonable inferences where you find them appropriate from the facts and circumstances in evidence.

You should consider the following elements of damages:

    1.    Physical pain and mental anguish;

    2.    Physical impairment; and

    3.    Loss of earning capacity.

QUESTION NO. 6:

What sum of money, if paid now in cash, would fairly and reasonably compensate Cowart for damages resulting from the violations of Cowart's Eighth Amendment rights or the Texas law assault claim committed by the <u>all</u> liable defendants?

> INSTRUCTION:  Write a sum that reflects the <u>total</u> amount of damages resulting from the incident in question.

> ANSWER:  $_____

If you wrote a sum greater than $0, then continue to the next page and proceed to answer Question No. 7.

If you wrote $0, then proceed to page 33 (last page) and have the foreperson sign at the bottom of the page.  After the foreperson signs, you have completed the verdict form and need not answer any additional questions.

QUESTION NO. 7:

As a whole number, what percentage of the damages listed in Question No. 6 is each individual defendant responsible for?

> INSTRUCTION: On the line immediately to the right of their name, write a whole number reflecting the percentage of damages each individual defendant is responsible for. Only individual defendants for whom you answered Question No. 5 "Yes" should receive an answer. The sum of all numbers in the right hand column must equal 100.

|                  | PERCENTAGE |
|------------------|------------|
| Rosalind Erwin   | _____ |
| David Garrett    | _____ |
| Derrick Holt     | _____ |
| Davis Weeks      | _____ |

Continue to the next page and then answer Question No. 8.

- 29 -

## Punitive Damages

If you find that one or more defendants are liable for Cowart's injuries, you must award Cowart the compensatory damages that he has proved. You may, in addition, award punitive damages if you find that one or more defendants acted with malice or with reckless indifference to the rights of others. One acts with malice when one purposefully or knowingly violates another's rights or safety. One acts with reckless indifference to the rights of others when one's conduct, under the circumstances, manifests a complete lack of concern for the rights or safety of another. Cowart has the burden of proving that punitive damages should be awarded by clear and convincing evidence.

The purpose of punitive damages is to punish and deter, not to compensate. Punitive damages serve to punish a defendant for malicious or reckless conduct and, by doing so, to deter others from engaging in similar conduct in the future. You are not required to award punitive damages. If you decide to award punitive damages, you must use sound reason in setting the amount. Your award of punitive damages must not reflect bias, prejudice, or sympathy toward any party. It should be presumed that Cowart has been made whole by compensatory damages, so punitive damages should be awarded only if one or more of the defendants' misconduct is so reprehensible as to warrant the imposition of further sanctions to achieve punishment or deterrence.

- 30 -

If you decide to award punitive damages, the following factors should guide you in fixing the proper amount:

1.   The reprehensibility of the defendant's conduct, including but not limited to whether there was deceit, cover-up, insult, intended or reckless injury, and whether the defendant's conduct was motivated by a desire to augment profit;

2.   The ratio between the punitive damages you are considering awarding and the amount of harm that was suffered by the victim or with which the victim was threatened.

You may consider the financial resources of an individual defendant in fixing the amount of punitive damages.

You may impose punitive damages against one or more defendants and not others.  You may also award different amounts against different defendants.

- 31 -

QUESTION NO. 8:

With respect to each of these defendants, did Cowart prove by clear and convincing evidence that they acted with malice or with reckless indifference to his rights?

INSTRUCTION:  In the box immediately to the right of their name, answer "Yes" or "No."  Only individual defendants for whom you answered Question No. 5 "Yes" should receive an answer.

|  | YES | NO |
|---|---|---|
| Rosalind Erwin | _____ | _____ |
| David Garrett | _____ | _____ |
| Derrick Holt | _____ | _____ |
| Davis Weeks | _____ | _____ |

If you answered "Yes" as to any defendant in Question No. 8, then continue to Question No. 9 on the next page.  If you answered "No" to all defendants in Question No. 8, then proceed to page 33 (last page) and have the foreperson sign at the bottom of the page.  After the foreperson signs, you have completed the verdict form and need not answer any additional questions.

QUESTION NO. 9:

With respect to each of these defendants, what sum of money, if any, if paid now in cash, should be assessed against each of the individual defendants and awarded to Cowart as punitive damages, if any, for the incident at issue?

INSTRUCTION: On the line immediately to the right of their name write the amount in dollars. Only individual defendants for whom you answered Question No. 5 "Yes" should receive an answer.

|  | AMOUNT |
|---|---|
| Rosalind Erwin | |
| David Garrett | |
| Derrick Holt | |
| Davis Weeks | |

November ___, 2014.

_____
FOREPERSON

- 33 -